**SEALED**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.	CASE NO. 6:25-cr-74-RBD-RMN
	18 U.S.C. § 1343

JAMES OCTAVIAS TOBIAS OWENS
a/k/a Octavias Tobias

## INDICTMENT

The Grand Jury charges:

### COUNTS ONE THROUGH TEN
(Wire Fraud)

**A.	Introduction**

At times material to this Indictment:

1.	JAMES OCTAVIAS TOBIAS OWENS was a resident of the Middle District of Florida.

2.	The Victim Company provided residential and commercial insurance to customers throughout the Southeastern United States and had offices and employees in the Middle District of Florida.

3.	From in or around July 2020 to in or around February 2022, JAMES OCTAVIAS TOBIAS OWENS worked for the Victim Company and was located in the Middle District of Florida. JAMES OCTAVIAS TOBIAS OWENS received an email address from the Victim Company. As a part of his duties, JAMES OCTAVIAS TOBIAS OWENS was authorized to pay expenditures on behalf of the

Victim Company up to a certain amount without supervisory approval.

4. Bradford Construction & Roofing LLC was a limited liability company registered with the Florida Department of State on or about February 24, 2021. JAMES OCTAVIAS TOBIAS OWENS controlled this company and its SunTrust Bank account.

5. SunTrust Bank processed ATM transactions on servers located in the state of Georgia.

### B. The Scheme and Artifice

6. Beginning on an unknown date but at least by in or about February 2021, and continuing through in or about February 2022, in the Middle District of Florida, and elsewhere, the defendant,

**JAMES OCTAVIAS TOBIAS OWENS**
**a/k/a Octavias Tobias**,

did knowingly and with intent to defraud devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property, by means of materially false and fraudulent pretenses, representations, and promises, utilizing transmissions by means of wire, radio, and television communication in interstate and foreign commerce of any writings, signs, signals, pictures, and sounds for the purpose of executing such scheme.

### C. Manner and Means

7. The manner and means by which the defendant sought to accomplish the scheme and artifice to defraud included, among others, the following:

a. It was part of the scheme and artifice to defraud that JAMES OCTAVIAS TOBIAS OWENS would and did unlawfully devise and execute a scheme and artifice to defraud the Victim Company of money and property by means of materially false and fraudulent pretenses, representations, and promises.

b. It was further part of the scheme and artifice to defraud that JAMES OCTAVIAS TOBIAS OWENS would and did use his authority to issue payments on behalf of the Victim Company to embezzle and divert over $580,000 to himself, including by authorizing and causing checks to be written to Bradford Construction & Roofing LLC.

c. It was further part of the scheme and artifice to defraud that JAMES OCTAVIAS TOBIAS OWENS would and did register an email account for Bradford Construction & Roofing LLC on or about February 28, 2021, herein referred to as the "BCR email."

d. It was further part of the scheme and artifice to defraud that JAMES OCTAVIAS TOBIAS OWENS would and did send emails from his email address at the Victim Company to his BCR email requesting estimates for insurance claims that were previously settled and closed, when in truth and in fact, and as JAMES OCTAVIAS TOBIAS OWENS then and there knew, no such estimate was needed.

e. It was further part of the scheme and artifice to defraud that JAMES OCTAVIAS TOBIAS OWENS would and did send emails from his BCR

email address to his email address at the Victim Company that attached false and fraudulent estimates for the insurance claims that had already been settled and closed.

   f. It was further part of the scheme and artifice to defraud that JAMES OCTAVIAS TOBIAS OWENS would and did reopen closed insurance claims to which he was assigned for the purpose of fraudulently authorizing payment to Bradford Construction & Roofing LLC, when in truth and in fact, and as JAMES OCTAVIAS TOBIAS OWENS then and there knew, no work had been performed and no payment was owed.

   g. It was further part of the scheme and artifice to defraud that JAMES OCTAVIAS TOBIAS OWENS would and did authorize payments on behalf of the Victim Company to Bradford Construction & Roofing LLC with no accompanying invoice or estimate, when in truth and in fact, and as JAMES OCTAVIAS TOBIAS OWENS then and there knew, no payment was owed.

   h. It was further part of the scheme and artifice to defraud that JAMES OCTAVIAS TOBIAS OWENS would and did cause interstate wires by depositing checks from the Victim Company at ATMs located in the Middle District of Florida into the Bradford Construction & Roofing LLC bank account, which was controlled by him.

   i. It was a further part of the scheme and artifice to defraud that JAMES OCTAVIAS TOBIAS OWENS would and did perform acts and make statements to hide and conceal, and cause to be hidden and concealed, the purpose of the scheme and the acts committed in furtherance thereof.

### D. Interstate Wires

8. On or about the dates set forth below, in the Middle District of Florida, and elsewhere, the defendant,

**JAMES OCTAVIAS TOBIAS OWENS**
**a/k/a Octavias Tobias,**

for the purpose of executing the aforesaid scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did knowingly, and with intent to defraud, transmit and cause to be transmitted by means of wire, radio, and television communication in interstate commerce, the following writings, signs, signals, pictures, and sounds:

| Count | Date | Interstate Wire |
|---|---|---|
| ONE | March 26, 2021 | ATM check deposit of check number 256968 in the Middle District of Florida, processed using a server located outside of Florida |
| TWO | April 3, 2021 | ATM check deposit of check number 259127 in the Middle District of Florida, processed using a server located outside of Florida |
| THREE | May 22, 2021 | ATM check deposit of check number 268878 in the Middle District of Florida, processed using a server located outside of Florida |
| FOUR | June 11, 2021 | ATM check deposit of check number 271586 in the Middle District of Florida, processed using a server located outside of Florida |
| FIVE | July 23, 2021 | ATM check deposit of check number 129242 in the Middle District of Florida, processed using a server located outside of Florida |

| Count | Date | Interstate Wire |
|---|---|---|
| SIX | August 20, 2021 | ATM check deposit of check number 281487 in the Middle District of Florida, processed using a server located outside of Florida |
| SEVEN | September 17, 2021 | ATM check deposit of check number 285654 in the Middle District of Florida, processed using a server located outside of Florida |
| EIGHT | September 17, 2021 | ATM check deposit of check number 285653 in the Middle District of Florida, processed using a server located outside of Florida |
| NINE | October 18, 2021 | ATM check deposit of check number 290755 in the Middle District of Florida, processed using a server located outside of Florida |
| TEN | February 3, 2022 | ATM check deposit of check number 307418 in the Middle District of Florida, processed using a server located outside of Florida |

All in violation of 18 U.S.C. § 1343.

## FORFEITURE

1. The allegations contained in Counts One through Ten are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 1343, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3.  The property to be forfeited includes, but is not limited to, the following: $493,543, which represents the proceeds of the offense.

4.  If any of the property described above, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

SARA C. SWEENEY
Acting United States Attorney

By: *[signature]*
Amanda S. Daniels
Assistant United States Attorney

By: *[signature]*
Chauncey A. Bratt
Assistant United States Attorney
Deputy Chief, Orlando Division

FORM OBD-34
APR 1991

No. _____

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Orlando Division

THE UNITED STATES OF AMERICA

vs.

JAMES OCTAVIAS TOBIAS OWENS
a/k/a Octavias Tobias

## INDICTMENT

Violation:

18 U.S.C. § 1343

A true bill,

_____
Foreperson

Filed in open court this 19th day of March, 2025.

_____
Clerk

Bail  $_____

GPO 863 525